UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN PADIR,<br><br>        Plaintiff,<br><br>        v.<br><br>WOOD MACKENZIE, INC. AND NEAL ANDERSON,<br><br>        Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441, 1446 defendant Wood Mackenzie, Inc. hereby removes this action from the Massachusetts Superior Court to the United States District Court for District of Massachusetts. In support of its Notice of Removal, Wood Mackenzie avers as follows:

**I.    Procedural History and Plaintiff's Allegations**

1. On September 13, 2022, plaintiff Karen Padir filed a complaint against Wood Mackenzie and Neal Anderson in the Massachusetts Superior Court, Civil Docket No. 2284CV02112. Ex. A, Compl. & Jury Demand ("Compl.").

2. On October 28, 2022, the plaintiff served Wood Mackenzie with a copy of the summons and complaint. Ex. B, Summons.

3. The plaintiff's complaint asserts six counts: violation of Massachusetts General Laws chapter 151B, section 4(1) (count I as to both defendants), violation of Massachusetts General Laws chapter 151B, section 4(4A) (count II as to Neal Anderson), violation of Massachusetts General Laws chapter 151B, section 4(5) (count III as to Neal Anderson), breach of contract (count IV as to Wood Mackenzie), breach of implied covenant of good faith and fair

dealing (count V as to Wood Mackenzie), and fraudulent/intentional misrepresentation (count VI, mislabeled as count IV, as to Wood Mackenzie).  Compl. ¶¶ 38–72.

4. On November 14, 2022, Wood Mackenzie filed an Assented-to Motion for Extension of Time to respond to the complaint up to and including December 19, 2022.  Ex. C, Assented-to Mot. Extension Time.

5. On November 15, 2022, the Massachusetts Superior Court granted Wood Mackenzie's Assented-to Motion for Extension of Time.  Ex. D, Endorsement Order.

**II.     Grounds for Removal**

6. This action is removable under 28 U.S.C. § 1441(a) because this Court has original subject-matter jurisdiction over the parties' dispute.

7. Specifically, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.

8. First, complete diversity exists because the plaintiff is a citizen of Massachusetts, Wood Mackenzie is a citizen of Delaware and Texas, and Neal Anderson is a citizen of Scotland.

9. The plaintiff is domiciled in Massachusetts.  Compl. ¶ 1; Ex. E, Service Compl. & Notice Investigative Conference 4, 6 ¶ 1.  Thus, for purposes of diversity jurisdiction, the plaintiff is a citizen of Massachusetts.

10. Wood Mackenzie is a corporation organized under the laws of Delaware.  Ex. F, Certificate of Incorporation.  Its principal place of business is 5847 San Felipe, Suite 1000, Houston, Texas 77057.  Thus, for purposes of diversity jurisdiction, Wood Mackenzie is a citizen of Delaware and Texas.  *See* 28 U.S.C. § 1332(b) (providing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

11. Neal Anderson is domiciled in Scotland. Thus, for purposes of diversity jurisdiction, he is a citizen of Scotland.

12. Accordingly, there is "complete diversity" in satisfaction of 28 U.S.C. § 1332(a) because "no plaintiff is a citizen of the same state as any defendant." *See Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005). Furthermore, no party in interest properly joined and served as a defendant is a citizen of Massachusetts. *See* 28 U.S.C. § 1441(b)(2).

13. Second, the amount in controversy in this action exceeds $75,000 in satisfaction of 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446(c)(2).

14. The plaintiff calculates her damages as exceeding $500,000. Ex. G, Civil Action Cover Sheet, Suffolk Superior Court (Boston) 1. The crux of her complaint is an alleged failure to give her a six-month notice of termination, which would have kept her on Wood Mackenzie's payroll for an additional six months. Compl. Introduction. The plaintiff's annual salary was $357,000. *Id.* Ex. A, Employment, Confidential Information & Invention Assignment Agreement 1 ¶ (a)(b). Six months of this salary is $178,500. This amount alone exceeds the statutory threshold, but the plaintiff more broadly seeks damages for "lost wages and benefits, garden variety emotional distress, and damage to her reputation." *Id.* Introduction. Thus, the amount in controversy in this action satisfies 28 U.S.C. § 1332(a) and 28 U.S.C § 1446(c)(2).

**III.  The Procedural Requirements for Removal Have Been Satisfied**

15. Under 28 U.S.C. § 1441(a), Wood Mackenzie has the right to remove this action to this Court.

16. Under 28 U.S.C. § 1441(a) and Local Rule 40.1(c)(1), the Eastern Division of this Court is the appropriate division of the appropriate federal district court for removal.

17. Under 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely, as it filed within 30 days of Wood Mackenzie's receipt of the summons and complaint filed in the Massachusetts Superior Court, which occurred on October 28, 2022. *See* Summons.

18. Under 28 U.S.C. § 1446(b)(2)(A), Wood Mackenzie is the only defendant who has been properly served. Neal Anderson has been neither properly joined nor properly served, so his consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A); 14C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3730 & n.20 (rev. 4th ed.) ("Thus, defendants who have not been properly served may be ignored, not only for purposes of the bar upon removal of diversity cases that include forum state citizen defendants, but also for the purpose of requiring their joinder in the notice of removal.").

19. Under 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Wood Mackenzie will give written notice thereof to all adverse parties and file a copy of this Notice of Removal with the clerk of the Massachusetts Superior Court.

20. Under Local Rule 81.1(a), within 28 days after filing this Notice of Removal, Wood Mackenzie will file with this Court certified or attested copies of all records and proceedings and a certified or attested copy of all docket entries in the Massachusetts Superior Court action.

**IV.    Non-Waiver of Defenses and Non-Admission of Allegations**

21. By removing this action from the Massachusetts Superior Court, Wood Mackenzie does not waive any available defenses.

22. By removing this action from the Massachusetts Superior Court, Wood Mackenzie does not admit any of the allegations in the complaint.

WHEREFORE, Wood Mackenzie removes the above-captioned action from the Massachusetts Superior Court to the United States District Court for the District of Massachusetts.

                                          Respectfully submitted,

                                          WOOD MACKENZIE, INC.

Dated: November 28, 2022        By: /s/ Dean A. Elwell
       Boston, Massachusetts        Dean A. Elwell (BBO #707149)
                                        delwell@mccarter.com
                                        McCarter & English, LLP
                                        265 Franklin Street
                                        Boston, Massachusetts 02110
                                        Tel.: 617-449-6520
                                        Fax: 617-607-9136

                                        Counsel for Wood Mackenzie, Inc.

## CERTIFICATE OF SERVICE

      I, Dean A. Elwell, certify that on November 28, 2022, I caused the foregoing document to be served on counsel for the plaintiff via email.

                                        /s/ Dean A. Elwell
                                        Dean A. Elwell (BBO #707149)